

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2003

# USA v. Marrero

Precedential or Non-Precedential: Non-Precedential

Docket 02-1393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Marrero" (2003). *2003 Decisions.* Paper 897.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/897

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

NO.  02-1393

————————

UNITED STATES OF AMERICA

v.

ANTHONY MARRERO,
Appellant

————————

On Appeal from the District Court
of the Virgin Islands
(Criminal No. 99-cr-00057-1)
District Judge: Honorable Raymond L. Finch

————————

Argued on November 14, 2002

Before:  SCIRICA, ALITO, and RENDELL, <u>Circuit Judges</u>

(Filed January 7, 2003)

————————

Stephen A. Brusch, Esq.   [ARGUED]
International Plaza
P. O. Box 988
Charlotte Amalie, St. Thomas
USVI   00804
    *Counsel for Appellant*

Tracey Christopher, Esq.    [ARGUED]
Office of United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Anthony Marrero appeals from the District Court's refusal to vacate the judgment order based on his guilty plea.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the District Court's order for abuse of discretion. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995). We will affirm.

Marrero was charged with being a felon in possession of a firearm and ammunition. He was present on the balcony of a third floor condominium unit at Colony Cove Condominium Complex on St. Croix, Virgin Islands, when agents of the Virgin Islands High Intensity Drug Trafficking Area Task Force executed a search warrant. As the agents were entering the building, they observed a Glock 17 handgun being thrown from the third floor balcony. Marrero was thereafter found to be in possession of a black holster and two fully-loaded Glock magazines matching the firearm thrown from the balcony. Marrero and several others were arrested. Marrero pled guilty after being advised by his counsel that the government would withdraw the plea offer if not agreed to by the next day. Marrero's standard plea colloquy included questions regarding the knowing and voluntary nature of the plea. Thereafter, his co-defendant brother lodged a successful challenge in the trial court

to the search based on lack of probable cause for the issuance of the warrant.

Marrero then sought to withdraw his guilty plea based upon his desire to lodge a similar challenge to the search warrant as lacking probable cause. Marrero's counseled motion stated that Marrero was not asserting his innocence but wanted to object to the unreasonable search and seizure in violation of his Fourth Amendment rights under the Constitution.

In denying Marrero's motion to vacate his guilty plea, the District Court evaluated the three factors set forth in United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992): 1) whether Marrero asserted his innocence, 2) whether the government would be prejudiced by his withdrawal, and 3) the strength of Marrero's reasons to withdraw. Regarding the first prong, the Court noted that although Marrero orally asserted his innocence at the hearing, in his written motion, Marrero *had not* asserted his innocence, nor did he ever explain why he had taken contradictory positions before the Court. The Court then found that Marrero was really only arguing that his plea should be vacated on the grounds that the search violated his Fourth Amendment rights. The Court held that under Tollet v. Henderson, 411 U.S. 258 (1973), the guilty plea constituted a waiver of all claims of deprivation of a constitutional right that may have occurred prior to its entry. The Court concluded that Marrero had not asserted sufficient grounds for permitting withdrawal of his plea because he had failed to satisfy the innocence and strong reasons prongs of Jones, and that, accordingly, the government need not satisfy the final prong, namely, prejudice.

Marrero then requested reconsideration, contending that his plea was not entered

- 3 -

knowingly and voluntarily because he had felt pressured by his counsel and the government. The motion also urged the Court to consider the claim of innocence he raised at the hearing and to fault counsel, not Marrero, for his failure to assert his innocence in the motion originally filed.        Marrero then retained new counsel and filed an additional motion for reconsideration based upon ineffective assistance of counsel and the coercion of his plea. The District Court denied reconsideration without opinion.

We agree with the District Court's original opinion concluding that by pleading guilty Marrero waived his right to object to the search on probable cause grounds, and finding that the plea colloquy established that his plea was knowing and voluntary. Marrero's argument on appeal consists primarily of the claims contained in his motion for reconsideration, in which he raised, for the first time, the charge based on ineffective assistance of counsel. We cannot fault the District Court for denying reconsideration when it was based on an issue not raised in the initial motion to vacate. The purpose of a reconsideration motion is to correct manifest errors or present newly discovered evidence. Harasco v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985). It thus does not appear that reconsideration was warranted.

Further, we will not disturb the District Court's conclusion that Marrero never in fact asserted his innocence, in light of the inconsistent positions taken by Marrero in the proceedings, and especially in light of the fact that at the change of plea hearing Marrero agreed that the government's rendition of the facts was correct.

With respect to the allegations that counsel was ineffective, we do not normally

consider such claims on direct appeal, preferring instead that the record be further developed in habeas corpus proceedings. <u>United States v. Haywood</u>, 155 F.3d 674, 678 (3d Cir. 1998); <u>United States v. Touby</u>, 909 F.2d 759, 773 n.8 (3d Cir. 1990), <u>aff'd</u>, 111 S. Ct. 1752 (1991). We see no reason to alter that proscription in this case, and therefore suggest that any claims of ineffective assistance be pursued by way of habeas corpus review.

Accordingly, the judgment of the District Court will be affirmed.

_____

TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.


/s/ Marjorie O. Rendell
Circuit Judge

Dated: January 7, 2003